**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Megan H. Troy, Esq. (SBN: 194712)
Megan.Troy@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:   (415) 651-9700

*Attorneys for Plaintiff*,
Patrick Sayad

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SAYAD<br><br>Plaintiff,<br><br>v.<br><br>**LAW OFFICES OF KENOSIAN & MIELE, LLP and SUNLAN-020105, LLC**<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a debt buyer and a collection law firm who teamed up to intimidate, deceive, and coerce a consumer to pay them by falsely claiming to have placed a lien on his parents' house and by communicating with him without observing the most basic of his rights to notice under the Fair Debt Collection Practices Act. They did these things knowingly and willfully because they knew the laws on debt collection AND they knew or had ready access to the fact that they couldn't legally put a lien on the consumer's dwelling because it was owned by his parents instead.

2. **PATRICK SAYAD** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, and attorney fees, and costs, against **LAW OFFICES OF KENOSIAN & MIELE, LLP and SUNLAN-020105, LLC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055,

1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional"). Accordingly, liability attaches as a result of a single violation, regardless of intent.

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## INTRADISTRICT ASSIGNMENT

14. Intradistrict assignment to the SAN JOSE DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of SANTA CLARA.

## PARTIES

15. Plaintiff is a natural person who resides in the County of Santa Clara, State of

California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant Law Offices of Kenosian & Miele, LLP (hereinafter "Defendant Kenosian & Miele") is a California limited liability partnership operating from an address of 8581 Santa Monica Blvd., #17, Los Angeles, CA 90069, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

17. Defendant Sunlan-020105, LLC (hereinafter "Defendant Sunlan") is a California limited liability company operating from an address of 8102 E. Santa Cruz Ave., Orange, CA 92869, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

18. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or

joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

20. Plaintiff is an individual residing in the County of Santa Clara in the State of California.

21. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

22. Defendants' businesses consist of the acquisition and collection of delinquent consumer debts.

23. Sometime on or about 2003, Plaintiff incurred certain financial obligations through the use of a credit card in the amount of approximately $2,500 (the "Debt").

24. The Debt was primarily for personal, family, or household purposes, and thus is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

25. The Debt was money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person, and thus is a "debt" as that term is defined by California Civil Code § 1788.2(d) and a "consumer debt" as that term is defined by California Civil Code § 17822.2(f).

26. Sometime thereafter, Plaintiff allegedly fell behind on his payments on the alleged Debt and a judgment was entered solely against him in the Superior Court of California for Santa Clara County.

27. In October of 2017, Plaintiff received a form letter dated September 25, 2017 from the County of Santa Clara entitled "Notice of Involuntary Lien." This document referred to and enclosed an abstract of judgment filed by Defendant Kenosian & Miele on the same date.

28. In October of 2017, Plaintiff called Defendant Kenosian & Miele to inquire about the status of the debt and spoke to a woman whom he believed to be an attorney. During this phone call, Plaintiff noticed an announcement that the call was being recorded and heard a beeping sound every few seconds.

29. Defendant Kenosian & Miele's representative informed Plaintiff on this call that they had been retained by Defendant Sunlan to collect the alleged Debt. Defendant Kenosian & Miele further informed Plaintiff that the amount of the alleged Debt had increased to approximately $8,000 as a result of interest accrual.

30. During this call, Defendants' representative said to Plaintiff words to the effect of "[d]on't tell me you don't have money, you have money! I know you have money and a job because I called your office and heard your voicemail message. And I'm looking at your credit and see credit card payments, I also see you just purchased a new car." Defendants representative then proceeded to recite to Plaintiff specific details from his credit report to include his tradelines with other

creditors, his employment history, and his current home address.

31. Plaintiff's credit reports show no mortgage or home equity lines of credit, nor does his credit file show any property ownership, nor does the Santa Clara County Recorder's Office (with whom Defendants filed the abstract of judgment) have any record of Plaintiff owning any property. This is because Plaintiff lives with his parents and does not own any part of the residence.

32. During the same phone call, Defendants told Plaintiff about the residence where he lived, words to the effect of "I know you own this property!" Plaintiff denied owning the property, to which Defendants replied with words to the effect of "[w]ell, there's a lien on it now!"

33. Scared and shocked that there was now apparently a lien on his parents' house where he lived, Plaintiff borrowed money from his brother immediately. At Defendants' instruction, Plaintiff sent $8,000 via Walmart MoneyGram ("MoneyGram") to the entity and account number provided by Defendants.

34. The next day, Plaintiff called Defendants to confirm receipt of the $8,000 payment, but was informed that the payment has not been received. Defendants gave Plaintiff yet another entity to which he could sent the payment.

35. Plaintiff followed up with MoneyGram and was informed that the transmittal of his $8,000 payment had been stopped because the entity provided by Defendants was flagged as fraudulent. MoneyGram refunded Plaintiff his $8,000.

36. On or about November 9, 2017, Plaintiff received a letter from Defendant

Kenosian & Miele, identifying Defendant Sunlan as its "Client," and again demanding payment of the alleged Debt in the amount of $8,054.72. This letter was wholly without the notice required by § 1692e(11) of the FDCPA.

## ACTUAL DAMAGES

37. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by Defendants in the form of, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692D OF THE FDCPA

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. A debt collector violates § 1692d of the FDCPA when it engages in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

40. Defendants willfully and without justification, violated § 1692d when they, among other qualifying actions and omissions, willfully annoyed, abused, and harassed Plaintiff by falsely claiming to have placed a lien on a house that Plaintiff

lived in but which was owned by his parents, and communicating with Plaintiff in a manner that violated the notice requirements of the FDCPA.

## COUNT II

### VIOLATION OF § 1692E OF THE FDCPA

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendants willfully and without justification, violated § 1692e by, among other qualifying actions and omissions, falsely claiming to have placed a lien on a house that Plaintiff lived in but which was owned by his parents, and communicating with Plaintiff in a manner that violated the notice requirements of the FDCPA.

## COUNT III

### VIOLATION OF § 1692F OF THE FDCPA

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

46. Defendants willfully and without justification, violated § 1692f when they, among other qualifying actions and omissions, willfully and without justification, falsely

claiming to have placed a lien on a house that Plaintiff lived in but which was owned by his parents, and communicating with Plaintiff in a manner that violated the notice requirements of the FDCPA.

## COUNT IV

### VIOLATION OF § 1788.10(E) OF THE RFDCPA

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. A defendant violates § 1788.10(e) of the RFDCPA when it threatens that nonpayment of the debt may result in the attachment of any property or wages unless such action is permitted by law.

49. Defendants violated § 1788.10(e) of the RFDCPA when they willfully threatened to place a lien on property that Plaintiff did not own when such action was not permitted by law.

## COUNT V

### VIOLATION OF § 1788.13(J) OF THE RFDCPA

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. A defendant violates § 1788.13(j) of the RFDCPA when it falsely represents that a legal proceeding has been, is about to be, or will be instituted unless payment is made.

52. Defendants violated § 1788.13(j) of the RFDCPA when they willfully and falsely claimed to have placed a lien on Plaintiff's residence that did not own when such action was not permitted by law.

## COUNT VI

### VIOLATION OF § 1788.17 OF THE RFDCPA

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

55. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692d and § 1692e.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against each Defendant and for Plaintiff, and,

e) Award to Plaintiff of such other and further relief as may be just and proper.

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.

## TRIAL BY JURY IS DEMANDED.

56. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

| | |
|---|---|
| | **THE CARDOZA LAW CORPORATION** |
| DATED: January 19, 2018 | BY: /S/ MICHAEL F. CARDOZA |
| | MICHAEL F. CARDOZA, ESQ. |
| | (SBN: 194065) |
| | MIKE.CARDOZA@CARDOZALAWCORP.COM |
| | 548 MARKET ST. #80594 |
| | SAN FRANCISCO, CA 94104 |
| | TELEPHONE: (415) 488-8041 |
| | FACSIMILE: (415) 651-9700 |
| | |
| | ATTORNEY FOR PLAINTIFF, |
| | PATRICK SAYAD |